STATE of Iowa, Appellee,

v.

Robert Anthony LEE, Appellant.

No. 90–1841.

Supreme Court of Iowa.

Jan. 20, 1993.

John P. Messina, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., John P. Sarcone, County Atty., and Nan Horvat, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Robert Anthony Lee, appeals from a judgment and sentence, following a jury trial, finding him guilty of murder in the second degree. He urges that: (1) the jury was misinstructed on the requirement that malice aforethought must continue to exist at the time of the homicidal act, and (2) his trial counsel was ineffective in failing to correct the error. The court of appeals, evenly divided, affirmed his conviction by operation of law. We granted further review. We now affirm the decision of the court of appeals and the judgment of the district court.

The facts, as viewed most favorably to the State, include the following. On the night of June 22, 1990, the defendant and a friend, Monte Ousley, became engaged in an altercation with Ousley's girlfriend, Rita. Rita and one or more of her sisters sustained physical injury as a result of this occurrence. Rita and her sisters informed their brother, Marcus Butts, of the occurrence.

Marcus and his mother, Marcia Butts, sought out Ousley and defendant. When they approached a location where defendant was hiding behind a garbage collection bin, defendant stepped out brandishing a pistol and shouting, "Here I am." Marcus then advanced several steps toward defendant, asking him why he and Monte Ousley had beaten the women. Defendant warned Marcus to come no closer and, when that warning was ignored, fired a single shot, which resulted in Marcus's death.

Defendant was charged by trial information with first-degree murder. Trial commenced on October 18, 1990. At trial, there was a dispute as to whether Marcus had made threatening moves toward defendant prior to the shooting. The trial court found this evidence sufficient to instruct the jury on defendant's theory of justification based on self-defense. No challenge is made on appeal to the self-defense instructions.[1] The jury ultimately returned a ver-

1. In Instruction No. 15, the jury was advised     that "[a] person is justified in using reasonable

dict, finding defendant guilty of the lesser included offense of second-degree murder.

Defendant maintains that the jury was misinstructed on the requirement that malice aforethought must continue to exist at the time of the homicidal act. The instructions pertaining to this issue at trial included the following:

### INSTRUCTION NO. 32

The State must prove all of the following elements of Murder in the Second Degree:

1. On or about the 22nd–23rd day of June, 1990, the defendant, Robert Lee, shot Marcus Butts.

2. Marcus Butts died as a result of being shot.

3. The defendant acted with malice aforethought.

4. That the defendant did not act with justification [self-defense].

The court's instructions to the jury also included the following definition of malice aforethought taken from Iowa Uniform Criminal Jury Instruction No. 700.7:

### INSTRUCTION NO. 24

"Malice" is a state of mind which leads one to intentionally do a wrongful act to the injury of another out of actual hatred, or with an evil or unlawful purpose. It may be established by evidence of actual hatred, or by proof of a deliberate or fixed intent to do injury. It may be found from the acts and conduct of the defendant and the means used in doing the wrongful and injurious act. Malice requires only such deliberation that would make a person appreciate and understand the nature of the act and its consequences, as distinguished from an act done in the heat of passion.

"Malice aforethought" is a fixed purpose or design to do some physical harm to another *which exists before the act is committed. It does not have to exist for any particular length of time. It is sufficient if it exists any time before the killing.*

(Emphasis added.)

Defendant argues that, under *State v. Hofer*, 238 Iowa 820, 833, 28 N.W.2d 475, 482 (1947), "malice aforethought," an essential element of murder, "must be formed before and continue to exist at the time of the injury." Based on this premise, he urges that the last sentence of Instruction 24 misadvised the jury by stating that the element of malice aforethought may exist at any time before the killing.

We have recognized that a conviction should not be reversed for claimed errors in jury instructions unless there is a reasonable basis for finding that the jury was confused or that the instructions, when viewed as a whole, were so contradictory that the jury may have followed the wrong one. *State v. Lynch*, 197 N.W.2d 186, 190 (Iowa 1972), *cert. denied*, 409 U.S. 1116, 93 S.Ct. 916, 34 L.Ed.2d 700 (1973). Applying this rule to the present case, we must conclude that any ambiguity concerning the malice element is dissipated when that instruction is read in conjunction with the marshaling instruction. Under the issues presented by the evidence and the court's instructions, the requirement of the marshaling instruction that defendant must have "acted with malice aforethought" adequately conveys the message that he must have so acted with respect to shooting Marcus Butts.

The relationship that must be shown between the state of mind that is malice aforethought and the homicidal act is more accurately characterized as a causal relationship than as a temporal relationship. The district court's instructions adequately conveyed that impression. Our conclusion that the jury was not misled as to the time when the required state of mind must be formed is buttressed by the facts of the killing and defendant's theory of defense.

force if he reasonably believes the force is necessary to defend himself or another person from any imminent use of unlawful force." In Instruction No. 12, the jury was advised that reasonable force "means that force and no more than a reasonable person, under the facts and circumstances which existed at that time, would find necessary to prevent death or injury to one's self or another."

A claim of self-defense with respect to shooting another with a handgun necessarily focuses the jury's consideration on defendant's state of mind at the time of the shooting. We find no error in the court's instructions on this issue.

Because defendant's theory that he received ineffective assistance from his trial counsel is predicated entirely on the claims that he has made concerning the validity of the malice aforethought instructions, our conclusion on the underlying legal issue also leads to a rejection of his ineffective assistance claim. *See Schrier v. State,* 347 N.W.2d 657, 667 (Iowa 1984).

In order to avoid any reassertion of challenges similar to those advanced on this appeal, we suggest that trial courts eliminate the final sentence in the last paragraph of Iowa Uniform Criminal Jury Instruction No. 700.7. The legal proposition that this paragraph seeks to convey is adequately covered by the preceding two sentences in that paragraph. We have considered all issues presented and find no basis for disturbing the judgment of the district court. That judgment is affirmed.

DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.