STATE of Iowa, Appellee,

v.

Heather Marie BEGEY, Appellant.

No. 02–0200.

Supreme Court of Iowa.

Dec. 17, 2003.

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Richard R. Phillips, County Attorney, and Alan R. Ostergren, Assistant County Attorney, for appellee.

LARSON, Justice.

This defendant, Heather Begey, was convicted and sentenced for homicide by vehicle under Iowa Code section 707.6A(2)(*a*) (2001). The court of appeals, on a divided vote, affirmed her conviction, and we granted further review. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for retrial.

## I. *Facts and Prior Proceedings.*

Begey's mother, Monica Sissel, and Monica's husband, Jay Sissel (the victim in this case), were in the midst of a divorce proceeding. A Ford Taurus, jointly owned by the couple and in Jay Sissel's possession, was one item in dispute. Begey's mother allegedly told Begey that if she would retrieve the car she could keep it. Begey went to Sissel's home and found the car running with one of the rear doors open. She entered the open door and climbed over the seat to get into the driving position. In doing so, she accidentally sounded the horn. Sissel came running out of the house, yelling at her. Begey started to roll out of the driveway. Sissel put his hands on the hood of the car and eventually ended up on the hood. There is a dispute in the testimony about whether Sissel climbed on the hood or was "propelled," as one witness put it, onto the hood by the forward motion of the car.

A man in his driveway testified he saw the car go by, with Sissel on the hood

yelling profanities and demanding that Begey stop the car. Begey testified that she kept driving because she wanted someone to see what was happening and call the police or come to her assistance. She knew the victim had a collection of weapons, and in fact, a loaded gun was later found under the front seat of the car. Begey drove several blocks with the victim on the hood. Eventually, he fell off the vehicle, back pedaled a few times, and hit his head on the concrete. He died of his injuries, and Begey was charged with second-degree murder and homicide by vehicle. The jury found her guilty of homicide by vehicle and involuntary manslaughter. The court merged the two convictions and sentenced Begey to a term not to exceed ten years on the homicide-by-vehicle conviction.

## II. *The Statute.*

Iowa Code section 707.6A defines one of the alternatives of committing homicide by motor vehicle:

2. A person commits a class "C" felony when the person unintentionally causes the death of another by any of the following means:

a. Driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.

## III. *The Issues.*

Begey contends her trial attorney was ineffective for failing to challenge the sufficiency of the evidence of recklessness and proximate cause and failing to pursue adequately a defense of justification. She also contends that the court erred in denying her an opportunity to present evidence on her defense of justification.

## IV. *Ineffective Assistance of Counsel—Recklessness Instruction.*

Ineffective-assistance-of-counsel claims are reviewed de novo. *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989). If we find ineffective assistance, a defendant's failure to preserve error in the trial court may be excused. *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982). In order to establish ineffective assistance, the defendant must show that her trial counsel failed to perform an essential duty, and this failure prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Both elements must be shown by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

To meet the first element of the *Strickland* test, counsel's performance is measured against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95. In order to satisfy the prejudice element, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

A. *Sufficiency of the evidence.* Begey attacks the sufficiency of the evidence on two of the elements of homicide by motor vehicle: recklessness and proximate cause. The remedy she seeks is a reversal and remand for dismissal of the case.

1. Begey first claims her trial counsel was ineffective for failing to attack the sufficiency of the evidence of recklessness, an element of homicide by motor vehicle. *See* Iowa Code § 707.6A(2)(*a*). The evidence of recklessness was substantial.

There was evidence that Begey's mother offered to give the car to anyone who could get possession of it because she had been unsuccessful in her own attempts to get it. Begey had a friend drop her off two blocks from the victim's home. There was evidence that, while Sissel was on the hood of the vehicle, Begey drove at speeds in excess of twenty-five miles per hour, the posted speed limit. One witness testified that the car was "flying." Witnesses testified that she actually increased her speed with the victim on the hood and that she slammed on the brakes, throwing the victim off the car hood. While the defendant disputes much of this evidence, the jury was free to accept the State's version. The jury could have found that the defendant's continued driving with the victim on the hood was not to avoid harm to herself, as she claimed, but to get him off of the car so she could retain possession of it under her arrangement with her mother.

We conclude that, even if Begey's counsel were ineffective in failing to move for judgment of acquittal on the sufficiency of the evidence of recklessness, she suffered no prejudice. There is no reasonable probability that, if such a challenge had been made by her trial counsel, the result would have been different. Because we find there is no reasonable probability of a different result, it is not necessary to discuss the first element of the *Strickland* test. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699 ("If it is easier to dispose of ineffectiveness claims on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

 2. The defendant also claims her attorney should have argued that there was insufficient evidence to show that her driving was the proximate cause of the victim's death, contending that "Sissel's death resulted from his decision to step off the hood of the car while it was still in motion."

A defendant can be relieved of criminal responsibility if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death. However, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the *sole* proximate cause of death.

*State v. Garcia*, 616 N.W.2d 594, 597 (Iowa 2000) (citations omitted).

Even assuming the victim's act was an intervening cause of his death, it was not the sole proximate cause because Begey played a significant role in the event. Under *Garcia* the victim's actions could not be the sole proximate cause of his death. We reject the argument that Begey's counsel was ineffective for failing to challenge the proof of proximate cause.

3. In attacking the sufficiency of the evidence of recklessness and proximate cause, Begey seeks to have the case reversed and remanded for dismissal. We reject her sufficiency-of-the-evidence arguments, and proceed to discuss the issues under which she seeks a new trial.

B. *The recklessness instruction.* Homicide by vehicle requires proof of recklessness. Iowa Code § 707.6A(2)(a). Begey contends her attorney was ineffective in failing to object to the court's definition of recklessness. The court, in Instruction No. 29, informed the jury:

A person is "reckless" or acts "recklessly" when she willfully disregards the safety of persons or property. It is more than a lack of reasonable care which may cause unintentional injury. Recklessness is conduct which is consciously done with willful disregard of

the consequences, and a person knows or should know a risk of harm to another or to property is created. Though recklessness is willful, it is not intentional in the sense that harm is intended to result.

This instruction follows verbatim our uniform instruction in effect at the time this case was tried. *See* I Iowa Crim. Jury Instruction 200.20 (1988). The defendant contends this definition is inadequate because it failed to include this requirement:

[F]or recklessness to exist the act must be fraught with a high degree of danger. In addition the danger must be so obvious from the facts that the actor knows or should reasonably foresee that harm will probably—that is, more likely than not—flow from the act. . . .

This language is based on *State v. Sutton,* 636 N.W.2d 107, 111 (Iowa 2001) (quoting *State v. Torres,* 495 N.W.2d 678, 681 (Iowa 1993)). Begey claims these cases effected a change in our law regarding recklessness and made our uniform instruction invalid.

We note, however, that neither *Sutton* nor *Torres* criticized the uniform instruction as it then existed and as it remained in effect at the time of Begey's trial. Nor did either of these cases suggest it would be reversible error not to include this language. In any event, we need not address the defendant's claim of ineffective assistance with respect to the court's recklessness instruction because, for the reasons later discussed, we hold the defendant is entitled to a new trial. We assume the court on retrial will instruct the jury based on our present uniform instruction, which now has been modified to include the language of *Sutton* and *Torres. See* I Iowa Crim. Jury Instruction 200.20 (2002).

## V. *The Justification Defense.*

 Begey contends her trial attorney was ineffective in not making an offer of proof during Begey's testimony on her justification defense. She also contends, and we agree, the trial court erred in excluding evidence bearing on her claim of justification.

Under Iowa Code section 704.3,

[a] person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force.

Begey's attorney on appeal candidly states "The record [on justification] is somewhat confusing and probably inadequate." Begey's trial counsel did not file a notice of self-defense as provided by Iowa Rule of Criminal Procedure 2.11(11)(*c*) (notice to be filed within time provided for pretrial motions, unless time extended by court). The State, however, has not objected on that ground. In fact, the court instructed the jury on justification, apparently sua sponte. Moreover, the prosecutor apparently considered the defense to be in the case because he argued at length that the jury should reject the defense. Although the defendant did not file a pretrial notice of justification defense, both parties and the court treated the issue as if it was a part of the case, and we do so as well.

 A defendant has a fundamental right to present a defense.

The right to present a defense is so fundamental and essential to a fair trial that the Supreme Court has accorded it the status of an incorporated right in the due process clause of the Fourteenth Amendment[.]

*State v. Fox,* 491 N.W.2d 527, 531 (Iowa 1992) (citing *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967)). In this case, an eyewitness had testified in a deposition about an earlier incident involving Begey's mother and Sissel in which Sissel jumped onto her

mother's car and grabbed her by the neck. This witness stated that Begey was nearby and likely observed the event. The court sustained the State's objection to the proposed use of this deposition testimony on the ground it was improper character evidence. Begey's attorney made an offer of proof by submitting a portion of the deposition in which the witness related the event. This testimony was never presented to the jury.

Begey was asked during her testimony about this prior event, but the court sustained the State's objection on the same ground: it was improper character evidence. Begey's attorney did not make an offer of proof. Begey contends her trial attorney was ineffective in failing to make an offer of proof. However, we need not decide the ineffective-assistance claim because we hold it was error for the court to sustain the objections to the testimony of Begey and her witness concerning the earlier event. In respect to evidence of character, self-defense is subject to a unique rule. We have said:

> All persons, independently of their character or reputation, are under the equal protection of the law. A homicide victim's prior violent or turbulent character or reputation is ordinarily immaterial and furnishes another no excuse to become his or her private executioner. Thus where the accused denies the killing or asserts it was unintentional, evidence of the deceased's character is inadmissible.

> But an exception to this general rule applies where the accused asserts he or she acted in self-defense and the slightest supporting evidence is introduced. Then the violent, quarrelsome, dangerous or turbulent character of the deceased may be shown, both by evidence of his or her reputation in that respect and by witnesses who can testify from

an actual knowledge of the victim's character.

*State v. Jacoby,* 260 N.W.2d 828, 837 (Iowa 1977) (citations omitted); *accord State v. Pletka,* 310 N.W.2d 525, 528 (Iowa 1981).

The burden of proof of this defense is on the State, which must prove a lack of justification by proof beyond a reasonable doubt. *See State v. Dunson,* 433 N.W.2d 676, 677 (Iowa 1988). The defendant testified that, if she slowed down enough for Sissel to get a hand free, he might have been able to inflict harm on her. She knew he had guns. She testified she was afraid to stop the car in order to flee. She testified that the victim "has a large build; and he was angry. The thing that I remember was just a vein in his forehead when he was on the hood." She testified that she did not stop the vehicle because "it just didn't feel safe to me. . . . I felt that there would be a very large risk to me and my safety." While the defendant's evidence on self-defense is not compelling, we have said that, if an accused asserts self-defense and "the slightest supporting evidence is introduced," the character of the victim may properly be the subject of inquiry. *Jacoby,* 260 N.W.2d at 837.

Here, the court correctly defined the defense of justification and correctly informed the jury that the State must prove the defendant did not act with justification. The court further set out in its instructions the grounds that would make the defense unavailable. Under Iowa Code section 704.6:

> The defense of justification is not available to the following:

> . . . .

> 2. One who initially provokes the use of force against oneself, with the intent to use such force as an excuse to inflict injury on the assailant.

3. One who initially provokes the use of force against oneself by one's unlawful acts, unless:

*a.* Such force is grossly disproportionate to the provocation, and is so great that the person reasonably believes that the person is in imminent danger of death or serious injury or

*b.* The person withdraws from physical contact with the other and indicates clearly to the other that the person desires to terminate the conflict but the other continues or resumes the use of force.

Begey's taking of the car was unquestionably the impetus for the events that followed. However, that act, which began as a relatively nonviolent act, is not necessarily a sufficient provocation to deprive Begey of the defense. *See Dunson,* 433 N.W.2d at 678 (defendant's striking victim with belt not necessarily sufficient provocation to deprive defendant of self-defense instruction); *State v. Davis,* 209 Iowa 524, 528, 228 N.W. 37, 39 (1929) (provocation by making defamatory comments about the victim's daughter not sufficient to deprive defendant of self-defense claim).

Here, the State and the court observed that Begey did not expressly testify that she was afraid of Sissel. However, a jury could conclude that from her testimony. The prosecution argued at length about why the jury should not find justification. Yet, the defendant was not allowed to introduce evidence to support such a defense. The record in this case was, as Begey notes on appeal, confusing. We believe it is clear, however, that to deny Begey's introduction of evidence of the prior acts of the victim on the ground it was inadmissible character evidence was error.

We conclude the defendant is not entitled to a remand for dismissal on her claim of insufficiency of the evidence. She is,

however, entitled to a new trial on the ground the court erroneously denied her the opportunity to develop her claim of self-defense.

**DECISION OF COURT OF APPEALS VACATED, JUDGMENT OF DISTRICT COURT REVERSED, CASE REMANDED FOR RETRIAL.**

All justices concur except WIGGINS, J., who takes no part.