# IN THE COURT OF APPEALS OF IOWA

No. 16-0190
Filed December 21, 2016

**JONATHON H. RAI,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Applicant appeals from the district court order denying his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

This case comes before the court on Jonathan Rai's appeal from the denial of his application for postconviction relief filed pursuant to Iowa Code chapter 822 (2011).

I.

The record reflects the following. Following a jury trial, Rai was convicted of two counts of sexual abuse in the second degree. He was sentenced to an indeterminate term of incarceration not to exceed twenty-five years with a seventy percent minimum on each count, said sentences to be served consecutively. He was required to submit a DNA sample, have no contact with the victims, and register with the sex offender registry. The court also imposed a special sentence of lifetime parole.

Rai filed a direct appeal, in which he alleged ineffective assistance of counsel. *See State v. Rai*, No. 09-1207, 2010 WL 2925851, at *1 (Iowa Ct. App. July 28, 2010). Rai raised two contentions. First, his counsel failed to object to the prosecutor eliciting testimony Rai brought his attorney with him during a pre-arrest interview with police. *See id.* at *6. Second, his counsel failed to object the prosecutor's statements during closing argument that the jury needed to act as a "voice" for the victims. *Id.* This court found both acts constituted prosecutorial misconduct but no constitutional prejudice resulted therefrom. This court affirmed Rai's convictions and sentences. *See id.* at *10.

In 2012, Rai filed this application for postconviction relief. Following trial, the district court denied the application. Rai timely filed this appeal.

II.

As relevant to this appeal, the record reflects the following. In December 2007, Rai confessed to family members he had sexually abused his stepdaughter and stepnephew—one age five, and one age six or seven. The police already were investigating the matter, and it appeared criminal charges were impending. Rai hired counsel in January 2008. Early in the course of the attorney-client relationship, Rai sought to meet with Lieutenant Jon Digman of the Dubuque Police Department. Rai wanted to meet Digman in an effort to "clear up the situation" and to give Digman the names of two other potential suspects. Counsel strongly advised against the meeting. Rai argues this is untrue. Regardless, upon Rai's insistence in holding the meeting, Rai and counsel met with Digman. The interview went poorly from the outset. Counsel testified Rai answered Digman's first question about the children with, "I didn't molest them." The interview concluded after approximately ninety minutes.

In April 2008 and December 2008, Rai was charged in two separate cases with second-degree sexual abuse of a child. The two cases were consolidated for trial. As trial approached, counsel persuaded Rai to commence plea negotiations with the State. Counsel knew Rai was reluctant to admit guilt, but counsel informed Rai asking for a plea offer would not be held against him at trial so it was a no-lose proposition. In response to Rai's counsel's initiative, the State offered to reduce the charges to lascivious acts with a child, a class D felony, punishable by a term of incarceration not to exceed five years with no mandatory minimum. In contrast, the sex-abuse charges were class B felonies punishable by a term of incarceration not to exceed twenty-five years with a

mandatory minimum sentence and special sentence. As set forth above, Rai did not take the plea bargain.

### III.

Rai contends his trial counsel was ineffective in several respects. Specifically, Rai claims his counsel failed to advise him regarding his plea options, failed to investigate the case properly, failed to challenge jurors with past knowledge or experience with sexual abuse, failed to object to testimony Rai "lawyered up" for his interview with Digman, failed to object to the testimony of the children as incompetent, failed to object to the testimony of a forensic interviewer, failed to object to the "presentation of highly prejudicial evidence," and failed to allow Rai to testify.

We decline to review many of the claims. First, the issue of whether counsel failed to attempt to strike jurors for cause was not decided by the district court. "[I]ssues must normally be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Error is thus not preserved. Second, counsel's failure to object to the "lawyered up" testimony was the subject of Rai's first appeal. *See Rai*, 2010 WL 2925851, at *8. Rai cannot relitigate the issue here. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). Third, the district court did not rule on the issue of the children's testimony. The issue is not preserved for our review. *See Meier*, 641 N.W.2d at 537. Fourth, the district court did not rule on the prejudicial testimony—regarding Rai's past sexual encounters and possible connections to a drug ring—Rai believes counsel should have objected to. It too is not preserved. *See id.*

For the remaining claims, our standard of review is de novo. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). "To prevail on a claim of ineffective assistance of counsel, the claimant must show counsel failed to perform an essential duty and prejudice resulted." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). Failure to prove either element is fatal to the claim. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003). We begin with a strong presumption counsel acted competently. *See State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010).

The first claim preserved for our review is counsel was ineffective in failing to advise Rai properly regarding his plea options. Rai argues had he been aware of the difference in penal consequences between the charges as filed and the reduced charges, he would have accepted the State's plea offer. *See Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015) ("[T]o demonstrate prejudice in the plea-bargaining process 'a claimant must show the outcome of the plea process would have been different with competent advice.'" (citation omitted)). The claim fails. Rai failed to establish his counsel breached a duty. Counsel credibly testified he provided the correct advice regarding the sentencing consequences for the offenses. Rai also failed to establish prejudice. During the PCR trial, Rai never testified he would have accepted the plea offer had he been properly advised. He testified only that he would have considered the offer. This is insufficient to establish prejudice in this context. Further, Rai's counsel credibly testified Rai refused to accept the plea offer. According to counsel, Rai was adamant he would not plead guilty and admit he had done something to the children, was adamant he did not commit the offenses, and was confident he would be acquitted.

Rai's next contention is counsel failed to investigate the case properly. Specifically, Rai contends counsel should have investigated previous abuse allegations by the children against another and investigated another possible culprit. Rai has not shown counsel's performance to be deficient. In any event, Rai has not proved prejudice. To prove prejudice, Rai must show "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *State v. Begey*, 672 N.W.2d 747, 749 (Iowa 2003). Here, Rai makes only conclusory allegations of prejudice. Further, the evidence against him was strong.

> The children themselves testified in court to the abuse. Recordings of their earlier interviews were also admitted into evidence. [Rai's sister-in-law] testified to her own firsthand observations of Rai and H.B. In addition, [Rai's wife] Michelle testified to what she had seen between Rai and M.B. Her testimony was very harmful to Rai since she previously was Rai's strongest defender. Various witnesses testified to Rai's incriminating statements on New Year's Day 2008, including (most damagingly) Rai's own mother. She said, "He told me that he had molested [H.B.] and [M.B.], but that came out wrong." Also harmful to Rai's defense was M.B.'s unprompted recollection that Rai had used "blue stuff," apparently a lubricant used by Rai and Michelle for anal sex and known only to them.

*Rai*, 2010 WL 2925851, at *10. There is not a reasonable probability of a different result.

Rai claims his counsel was ineffective in failing to object to the testimony of a forensic interviewer, Kirsten Marnin, on the ground Marnin was unqualified. The district court has discretion to determine the admissibility of expert testimony. *State v. Buller*, 517 N.W.2d 711, 713 (Iowa 1994). A witness may qualify as an expert by "knowledge, skill, experience, training or education." Iowa R. Evid. 5.702. At trial, Marnin testified to her qualifications, which included a

bachelor's degree in psychology, a master's degree in social work, an internship at which she observed forensic interviews, and several trainings. At the time of trial, she had professionally interviewed 367 children. Based on Marnin's qualifications, any objection to her testimony would have been overruled. Counsel was not ineffective "for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Finally, Rai contends counsel should have let him testify. The record establishes counsel advised Rai not to testify and Rai took that advice. Not calling the defendant as a witness is typically a reasonable tactical decision we will not second-guess. *See Polly*, 657 N.W.2d at 468. So it is here.

In sum, Rai has not proved any claim of ineffective assistance of counsel.

IV.

Rai argues the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Specifically, the State withheld information regarding a romantic relationship between Rai's ex-wife and a peson named McClanahan, another individual accused of similar crimes. This argument was not decided by the district court and therefore is not preserved for our review. *See Meier*, 641 N.W.2d at 537. Moreover, it is unclear how this is evidence is material to the issue of his guilt. *See State v. Tangie*, 616 N.W.2d 564, 571 (Iowa 2000). And Rai testified counsel knew of the relationship during trial. Such knowledge is imputed to Rai and would defeat his claim that the State withheld the evidence. *See Gable v. State*, No. 11-1906, 2013 WL 104838, at *3 (Iowa Ct. App. Jan. 9, 2013).

V.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**