# IN THE COURT OF APPEALS OF IOWA

No. 17-0440
Filed March 7, 2018

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**AMBER MARIE HILL,**
  Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

Amber Hill appeals her sentence for second-degree theft. **AFFIRMED.**

Joanne M. Cook of Cook Law Firm, PLLC, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Amber Hill appeals her sentence for second-degree theft. She claims the court abused its discretion in imposing sentence by considering untenable, unreasonable, or impermissible information. She also argues her counsel rendered ineffective assistance by failing to: (1) object to the court's consideration of impermissible factors; (2) enter a plea conditioned on the court's acceptance of the plea agreement; (3) procure her mental-health diagnosis and records; and (4) file a motion for reconsideration of the sentence.

## I.      Background Facts and Proceedings

During August and September of 2016, Hill worked at Casey's General Store in Belmond, as a cashier. On October 24, 2016, Hill was charged by trial information with theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1, 714.2(2), and 714.3 (2016). The charge was based upon the allegation that she, while working at Casey's, would ring up products for customers, void the transaction, and then pocket the customer's money. During the relevant time frame, Hill unlawfully took $1027.

On January 20, 2017, Hill filed a written plea of guilty that recited the plea agreement. In exchange for Hill's guilty plea, the State agreed to recommend a sentence not to exceed five years of incarceration with a joint recommendation that the sentence be suspended and Hill be placed on probation, in addition to paying fines, surcharges, and other fees. The State also agreed to dismiss any companion simple misdemeanor cases with costs to Hill. The written guilty plea recited that Hill understood the State's recommendations would not be binding on the court and the court would not accept her plea unless it was satisfied she was

guilty and had sufficient knowledge of her rights. The Court held a hearing the same day, conducted the required guilty plea colloquy, and accepted Hill's plea of guilty. Hill did not file a motion in arrest of judgment. On March 17, after hearing the parties' recommendations and Hill's statements and reviewing the recommendation contained in the presentence investigation report, the district court stated:

> Ms. Hill, my goals with respect to sentencing are to provide for your rehabilitation, as well as the protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into account your age, your employment history and circumstances, your educational background, your family circumstances and obligations, your extensive criminal history, your demeanor here at this hearing, any substance-abuse and/or mental-health issues you might have as addressed here today and in the Presentence Investigation Report, the facts and circumstances surrounding the offense, and the information contained in the Presentence Investigation Report. As is commonly the case in sentencing situations, Ms. Hill, there are factors on that list of factors that I have considered that are negative for you and there are factors on that list that are favorable to you. I have considered all those factors I mentioned, whether I go into detail about them or not.
>
> Obviously, there are some favorable factors. The fact that you continue to maintain steady employment is a favorable factor. The fact that you have taken steps to address your mental-health issues and needs is a favorable factor and provide some hope that whatever drives you to engage in this type of criminal behavior can be corrected or redirected, and the fact that you have done that voluntarily is a positive thing. I'm also mindful as a favorable factor of your fulfilled obligations to your children in providing a home for them. Additionally, the volunteer work that you do is a favorable factor because it shows a willingness at least in that realm to be a productive member of your community that provides positive input into the community. All those positive factors are great, but they are also troubling from the standpoint of how does somebody that has all those favorable characteristics have what we have here in terms of your criminal history and nature of this offense?
>
> On a favorable factors as well, I would note in terms of your demeanor, you are a very articulate person, which shows me that you have got some life skills that could be put to good use. But that's a double-edged sword in your case, Ms. Hill, because I

sometimes—has caused me to question whether you use those skills to get away with your criminal behavior. I don't want to use the phrase "con artist," but to some degree I question whether that's what's going on here, is that you are articulate enough to—to pitch the things that you have pitched here today, even though they may not be sincerely held. I don't know. I don't have a crystal ball or the ability to read minds, but that thought does occur to me; that maybe one of the reasons you are in here on your eleventh theft charge since 2002 is because your ability to articulate yourself and be somewhat charming has people go easy on you and just further enables you to continue to engage in this type of criminal behavior. Again, I don't know whether that's the case, but it does occur to me that that may be going on.

In terms of negative factors, obviously I have already touched on those. There is the fact that you have had seven Theft in the Fifth Degree convictions from 2002 to 2007. And since then you have apparently escalated the amount of—of the value of things that you are stealing because in '08 you went to a Theft in the Second Degree charge, and in '09 you had a Theft in the Third Degree charge, and in 2013 you had another Theft in the Third Degree charge, and now here you are on a Theft in the Second Degree charge again. Apparently whatever has happened to you in the past in terms of punishment has not convinced you or persuaded you to stop committing this type of crime. Additionally, as you touched on during your allocution, the facts and circumstances surrounding the offense was somewhat aggravating in the sense that you had an employer that placed you in a position of trust and trusted you to handle their money lawfully, without stealing it, and you betrayed that trust by stealing it.

So again, it's troubling to me that somebody with as many favorable factors as you have also has this ongoing problem, and apparently the public is not safe from your criminal behavior. There has also been plenty of opportunity, given your prior ten theft convictions for you to see the light and get help—if it's a psychological problem or mental problem, to get that help, and you haven't done that. And I understand that sometimes it takes longer than others for people to have the light bulb come on and see the errors in their way and get help with their problems, but that delay and that light bulb coming on for you has caused yet another victim.

So as I mentioned, Ms. Hill, I have considered all the factors I mentioned, whether I went into detail or not and have weighed the favorable versus the unfavorable with the goals of rehabilitation and protection of the community.

The court then sentenced Hill to an indeterminate term of imprisonment not to exceed five years; the court did not suspend the sentence. As noted, Hill appeals.

## II. Standard of Review

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will be found only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *See id.* Reliance on an impermissible sentencing factor is a defect in the sentencing proceeding. *See id.* However, the presumption of regularity afforded the sentencing court can be overcome only by clear evidence the sentencing court actually relied on the impermissible factor in exercising its discretion. *See id.* at 724–25. "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . . even if it was merely a 'secondary consideration.'" *State v. Grandberry,* 619 N.W.2d 399, 401 (Iowa 2000) (citations omitted). We will neither assume nor infer the district court relied on an impermissible factor without clear evidence in the record to the contrary. *See Formaro*, 638 N.W.2d at 725. We review de novo claims of ineffective assistance of counsel. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

## III. Sentencing

Hill argues the court abused its discretion in sentencing by considering an improper factor in sentencing her. Hill asserts that the court's use of the term

"con artist" indicates the district court's decision was exercised on untenable, unreasonable, or impermissible grounds. She argues the district court took favorable factors—her demeanor, articulateness, and involvement in volunteer activities—and used them in a negative fashion by attributing those factors to that of a con artist. She contends there is nothing in any filed document in her case that shows that she was charged with fraud or any other crime associated with a con artist. She urges that the district court improperly considered unproven and unprosecuted charges and allegations in reaching her sentence.

The State contends Hill's argument is based on a distortion of the district court's words, arguing that the court was not relying on unprosecuted criminal activity when determining Hill's sentence or increasing her sentence because the court by implication believed Hill's actions rose to the level of criminal fraud. The State also argues the district court was considering her character, propensity, and likelihood to reoffend, as well as her chance at reform, and the court's statements about Hill's articulate and charming demeanor were about her character and would impact her ability for rehabilitation.

A sentencing court is required to state on the record the reasons for selecting the particular sentence. Iowa R. Crim. P. 2.23(3)(d). The purpose of requiring the sentencing court to state its reasoning on the record is twofold. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). First, it "ensures defendants are well aware of the consequences of their criminal actions." *Id.* In addition, and more importantly, the requirement provides appellate courts with "the opportunity to review the discretion of the sentencing court." *Id.* To satisfy Iowa Rule of Criminal Procedure 2.23(3)(d), the sentencing court must orally state the reasons

for sentencing at a reported hearing or place the reasons in a written sentencing order. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). Although the explanation does not need to be detailed, the court must provide at least a cursory explanation to allow appellate review of the district court's discretionary action. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the trial court's sentencing discretion.'" (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989))). We reverse if there has been an abuse of discretion or some defect in the sentencing procedure. *Id.*

It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges where the defendant has not admitted to the charges or facts are not presented to show the defendant committed the offenses. *See Formaro*, 638 N.W.2d at 725. "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Id.* "[W]e will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 758 (Iowa 1998) (quoting *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982)).

After a review of the sentencing transcript, we conclude that the "con artist" language used by the district court was not a finding that Hill is or was a con artist or that there were unproven allegations that the court was taking into consideration in relation to Hill's sentence. Instead, we believe the district court

used that language to explain that it seriously doubted Hill's sincerity and genuineness given that she was being sentenced on her eleventh theft charge. In isolation, the term "con artist" could denote some fraudulent actions, however, we consider the term in the context in which it was used. The court used the term "con artist" as it was explaining it questioned whether Hill was "articulate enough to—to pitch the things that you have pitched here today, even though they may not be sincerely held." The term at issue, when considered in context, clearly indicates that the court was questioning whether Hill was being honest with the court in her allocution at the hearing. Given Hill's extensive criminal background, we do not find it impermissible for the court to question her sincerity. A review of the sentencing transcript provides no clear evidence that the district court relied on an impermissible sentencing factor. Finding no abuse of discretion, we affirm Hill's sentence.

## IV.    Ineffective Assistance of Counsel

Hill contends her trial counsel was ineffective, separately and cumulatively, for failing to: (1) object to the court's consideration of impermissible factors for sentencing; (2) enter a guilty plea conditioned upon the court's acceptance of the plea agreement; (3) procure Hill's mental-health diagnosis and records; and (4) file a motion for reconsideration of the sentence. The State argues Hill has failed to show she suffered any prejudice.

To prevail on an ineffective-assistance-of-counsel claim, a defendant must establish (1) counsel failed to perform an essential duty and (2) the defendant was prejudiced as a result. *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The [defendant]

must prove both elements by a preponderance of the evidence." *State v. Madsen*, 813 N.W.2d 714, 724 (Iowa 2012). Failure to prove either element is fatal to the claim. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal."). "If we conclude a [defendant] has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

To establish a breach of duty, the defendant is required to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[C]ounsel's performance is measured against the standard of a reasonably competent practitioner." *State v. Begey*, 672 N.W.2d 747, 749 (Iowa 2003). There is a strong presumption of counsel's competence. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

We ordinarily preserve such claims for postconviction-relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494-95 (Iowa 2012). Here, we conclude the record is not adequate to address Hill's second and third ineffectiveness claims, so we preserve those claims for possible postconviction-relief proceedings to allow further development of the record. *See id.* at 502 ("Clay will have to bring all his ineffective-assistance-of-counsel claims in a postconviction relief action, because he raises multiple claims, some of which require further development of the record."); *see also State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006)

("[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance.").

Because we find the district court did not rely upon impermissible sentencing factors, we find Hill did not suffer prejudice as a result of any failure on her trial counsel's part nor was trial counsel obligated to object in the absence of an indication from the court that it was relying on those factors in imposing its sentence. Therefore, that claim fails.

Regarding Hill's claim of ineffective assistance relating to her trial counsel's failure to file a motion for reconsideration of Hill's sentence, Iowa Code section 902.4 provides, in pertinent part, that

> For a period of one year from the date when a person convicted of a felony, other than a class "A" felony or a felony for which a minimum sentence of confinement is imposed, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law. . . . Upon a request of the attorney for the state, the defendant's attorney, or the defendant if the defendant has no attorney, the court may, but is not required to, conduct a hearing on the issue of reconsideration of sentence.

This section authorizes the district court to provide for reconsideration of the sentence within any period up to one year from the date a convicted person begins to serve their sentence. Hill's sentencing hearing was held on March 17, 2017. The court entered its written judgment and sentence, and it was filed by the clerk of court that same day. Within an hour and a half, Hill filed her notice of appeal and posted an appeal bond in this case. Therefore, unless her appeal bond has since been forfeited or revoked, she has yet to begin to serve her

sentence of confinement. Further, even if she had begun to serve her sentence, any claim that counsel failed to file a motion to reconsider is beyond the record of any of the proceedings before us. On the record before us, Hill's trial counsel had no duty to request reconsideration of a sentence that had not yet begun. Thus, this claim fails.

Therefore, we affirm Hill's conviction but preserve two claims of ineffective assistance of counsel for possible postconviction-relief proceedings.

**AFFIRMED.**