# IN THE COURT OF APPEALS OF IOWA

No. 18-0765
Filed June 19, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEN LORENZE KUHSE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Russell G. Keast, District Associate Judge.

A defendant appeals his conviction for domestic abuse assault causing bodily injury. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

A jury convicted Ken Kuhse of domestic abuse assault causing bodily injury after hearing testimony he grabbed his wife and slammed her against the furniture in their basement. Kuhse told police he acted in self defense. On direct appeal, he claims his trial counsel was ineffective for not objecting when the marshaling instruction for assault failed to inform the jury that it could not convict unless the State disproved his justification defense. Because we agree counsel breached a material duty by not challenging the marshaling instruction and Kuhse was prejudiced by the omission, we reverse his conviction and remand for a new trial.

I.      **Facts and Prior Proceedings**

Ken Kuhse and his wife, Victoria, were married for nine years and lived in the same house—but without much interaction in recent years. Victoria occupied the upstairs, and Ken inhabited the basement. One night in August 2017, Ken was drinking rum and Coke with friends in the basement when Victoria ventured down to do laundry. Ken called her vile names; she replied in kind. According to Victoria's testimony, Ken grabbed her neck. To loosen his grip, she "swiped at him." Victoria testified he let go but grabbed her a second time, slamming her into the entertainment center, and a third time, slamming her against the coffee table. She then drove herself to a friend's apartment where she spoke with police. She had injuries on her neck and arms. When police took his statement, Ken said Victoria had been "attempting to start a fight with him all day." Ken said Victoria "bumped into him." He complained of injuries to his nose and arm, telling police officers he pushed Victoria to protect himself.

The State charged Ken with domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(1) and 708.2A(2)(b) (2017). He filed a notice of self defense before trial. The jury found him guilty as charged. He filed a direct appeal from his conviction, alleging his trial attorney failed to object to a faulty marshaling instruction.

## II.     Error Preservation and Standard of Review

Generally, counsel must timely object to a jury instruction to preserve error for appellate review. *State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988). But we have recognized claims of ineffective assistance of counsel as an exception to the error-preservation rule. *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). We review Kuhse's claim of ineffective assistance de novo. *See id.* at 783. To establish ineffective assistance of counsel, Kuhse must show: (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

## III.    Analysis

Kuhse contends his trial counsel should have objected to the assault marshaling instruction because it did not inform the jury the State was required to prove he acted without justification. The marshaling instruction required the State to prove four elements:

> 1. On or about the 20th day of August, 2017, the defendant either did an act which was meant to cause pain or injury, result in physical contact which was insulting or offensive, or place Victoria Pfeiffer-Kuhse in fear of immediate physical contact which would have been painful, injurious, insulting or offensive to Victoria Pfeiffer-Kuhse.

> 2. The defendant had the apparent ability to do the act.

> 3. The defendant's act caused a bodily injury to Victoria Pfeiffer-Kuhse as defined in Instruction No. 11.
>
> 4. Victoria Pfeiffer-Kuhse and Ken Kuhse were married at the time of the incident.

The instruction told the jurors if all the numbered elements were met, the defendant was guilty of domestic abuse assault causing bodily injury and they should sign "Form of Verdict No. 1"—which is what the jurors did. The marshaling instruction did not mention Kuhse's justification defense or cross reference later instructions about the State's burden to disprove his defense.[1]

Kuhse argues his attorney breached a material duty by not asking the district court to connect the justification defense to the assault elements. He alleges he suffered prejudice because the jury could have mistakenly concluded the State only had to prove the four elements listed in the marshaling instruction. In asking for a new trial, Kuhse relies on our unpublished decision in *State v. Gomez*, No. 13-0462, 2014 WL 1714451 (Iowa Ct. App. Apr. 30, 2014).

In *Gomez*, we found trial counsel was ineffective for not objecting to an identical omission from an assault marshaling instruction. 2014 WL 1714451, at *4–5. There, we reasoned the omission would not have been a problem if the record lacked sufficient evidence to generate a jury question on justification:

> [O]ur supreme court has held that justification is an affirmative defense to assault, as defined in section 708.1, rather than an element of that crime. *See State v. Delay,* 320 N.W.2d 831, 834 (Iowa 1982). But in this case the district court properly found sufficient evidence to generate a jury question on justification. Therefore, the district court would have assisted the jurors by informing them—in the assault marshaling instruction—that they

---

[1] The court also instructed the jury on two lesser-included offenses: assault causing bodily injury (without the domestic element) and domestic abuse assault (without bodily injury).

could not convict unless the State proved Gomez acted without justification. *See* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 800.1 (Assault–Elements) (commenting that pursuant to *Delay*, lack of justification is not an element 'unless the defendant has produced sufficient evidence to raise the defense. In that event the State must prove lack of justification').

*Gomez*, 2014 WL 1714451, at *3.

In this appeal, the State contends *Gomez* should be "re-examined or, at least, it does not apply here."[2] The State points to Jury Instruction No. 3, which states whenever the court instructs the jury the State "must prove something, it must be by evidence beyond a reasonable doubt," and Jury Instruction No. 4, which defines reasonable doubt. But those instructions do not mention Kuhse's justification defense. It is not until Instruction No. 12 that the jury learns Kuhse is claiming he acted with justification and the State must prove he was "not acting with justification." The State also argues *Gomez* does not account for the principle that all jury instructions must be considered together.

We are not persuaded by the State's critique of the reasoning in *Gomez*. We expressed concern in *Gomez* that the jury "had no guidance on how to apply the free-floating instructions on justification." *Id.* That concern returns in Kuhse's case. The jurors may well have believed their work was done once they found the State satisfied the elements in the marshaling instruction; nothing prodded them to keep going. The comment to the uniform instructions directs that when a defendant has produced sufficient evidence to raise the justification defense, "the State's duty to negate the defense should be added as an element of the offense."

---

[2] It appears from the appellate docket available on Iowa Courts Online that the State did not seek further review from our decision in *State v. Gomez*.

Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 800.1 (Assault–Elements) (2018). Our *Gomez* decision also stands as persuasive authority on that point.[3] 2014 WL 1714451, at *3.

Trial counsel performed below the expected standard by not objecting to the incomplete marshaling instruction. *See State v. Virgil*, 895 N.W.2d 873, 882 (Iowa 2017) (noting absence of a claim defense counsel had a strategic reason to refrain from requesting proper instruction). "[T]his is not a case in which postconviction proceedings are necessary to develop the circumstances further regarding the failure of defense counsel to object to the instructions." *State v. Goff*, 342 N.W.2d 830, 838 (Iowa 1983) (finding failure to take proper steps regarding jury instructions was "so egregious" that counsel's performance did not satisfy the constitutional right to effective assistance of counsel).

On the prejudice prong, the State argues it is "unlikely the jury would have misunderstood the import of the self-defense instructions." The State emphasizes defense counsel "provided the tie" between the marshaling instruction and the

---

[3] In *State v. Hines*, No. 09-0241, 2010 WL 446954, at *3 n.1 (Iowa Ct. App. Feb. 10, 2010), our court provided similar guidance:

> [I]t would have been appropriate and perhaps preferable to explicitly refer to the submissible justification defense within the marshaling instruction. . . . It is not an uncommon practice to include the submissible justification defense as an element of proof within the marshaling instruction. *See, e.g.*, *State v. Heemstra*, 721 N.W.2d 549, 553 (Iowa 2006) (including '[t]he defendant was not justified' in the first-degree murder marshaling instruction); *State v. Lee*, 494 N.W.2d 706, 707 (Iowa 1993) (including '[t]hat the defendant did not act with justification [self-defense]' in the second-degree murder marshaling instruction). This is the practice with other defenses. The comment to Iowa Criminal Jury Instruction 200.9 (insanity defense) states: 'Caveat: If the insanity defense is submitted, then the marshaling instruction should be modified accordingly.' Comments to Iowa Criminal Jury Instructions 200.35 (compulsion) and 200.39 (ignorance or mistake of fact) contain similar caveats.

justification defense in her closing argument. We cannot find defense counsel's closing argument was an adequate substitute for a complete marshaling instruction. *See Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 580 (Iowa 2017) (finding no authority for holding "fatal omission in the marshaling instruction could be cured by counsel during summation").

The district court determined Kuhse produced sufficient evidence to raise a justification defense. At trial, the State did not object to submitting justification instructions to the jury. Once the district court properly submitted the justification defense, the State assumed the burden of negating that defense before the jury could find him guilty. *State v. Begey*, 672 N.W.2d 747, 752 (Iowa 2003) (reiterating State must show lack of justification by proof beyond a reasonable doubt). But that burden was not reflected in the assault marshaling instruction. Because the marshaling instruction did not cross reference the justification instructions, reading the instructions as a whole did not "cure the flaw in the marshaling instruction." *See Haskenhoff*, 897 N.W.2d at 580.

Counsel's failure to request a proper instruction may be prejudicial even if substantial evidence supports the conviction. *See Virgil*, 895 N.W.2d at 882–83 (addressing instruction defining cohabitation in domestic abuse case). The evidence was in dispute as to how the fight started in the Kuhse household. Both participants had injuries from the other's use of force. And we are not in a position to resolve that credibility dispute on appeal. *See State v. Lawler*, 571 N.W.2d 486, 490 (Iowa 1997) ("To adopt the State's position would in substance discount or give no credibility to defendant's evidence and version of what happened and why it happened, thus precluding the jury's consideration of the crux of defendant's

defense in this case. In essence, a refusal to give a requested jury instruction would be the equivalent of directing a verdict or granting a motion for summary judgment for the State on this issue."). A reasonable probability exists that the outcome of the trial would have been different if the jury had been properly instructed on the State's burden to disprove the justification defense in the marshaling instruction. We reverse and remand for a new trial.

**REVERSED AND REMANDED.**